His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
The defendant partnership attacks the confession of judgment executed on its behalf by Panno, one of the partners, on the ground that'plaintiff procured the execution of the instrument by fraudulently and falsely representing that it constituted merely an 'ordinary promissory note.
Panno, as a witness on direct examination, claims that he did not and could not read the document, but on cross-examination it is revealed that he readily reads and clearly understands the English language. Lamana, the other partner, who was present when Panno signed the instrument, acknowledges that he reads and understands English, and neither pretend that it was represented to them as constituting anything other than a confession of judgment. It is clear, therefore, that the claim of fraud *337 and misrepresentation lacks any evidence whatever to support it.
In settlement of a debt due to it from one Palermo, the Jackson Brewing Company acquired in due course from the latter the licenses issued to him to conduct a barroom. These licenses were sold by the Jackson Brewing ’Company to defendants* and the debt thus created is in part that for which the acknowledgment and confession of judgment in plaintiff’s favor was executed by defendants, who. now claim that the obligation is not binding on the ground that such a transaction is in contravention of Section 11 of Act 176 of 1908, which, among other things, makes it unlawful for the Jackson Brewing Company, a brewery, ‘ ‘ to obtain a license for the business of conducting a barroom.”
But this prohibition is simply against the conduct of a saloon by a brewery, and it is not pretended that the plaintiff in this case asserted or attempted to exercise that faculty under the license it had thus secured. On the contrary, having acquired it in due course in settlement of a, debt, it promptly negatived any inference that might be drawn to that effect, by transferring it to one who could legally operate under it. We find nothing in the Statute directly .or indirectly reprobating such a-transaction.
The claim that the physical property of J. Lamana & Company is not subject to seizure for the debt of Panno & Company is not an issue in the case. No relief is asked on that score and the Jackson Brewing Company moreover disclaims any right to make such seizure.
The contention that the confession of judgment is violative of Article 91 of the 'Constitution of 1898 because it covered a debt not then due, was neither pleaded nor proved. In fact, the only evidence on the subject is the *338 acknowledgment and confession of judgment itself which recites that it is for a matured indebtedness.
Opinion and decree, April 10th, 1916.
Rehearing refused, May 8th, 1916.
Writ denied, June 15th, 1916.
We find no error in the judgment and it is accordingly affirmed.
Judgment affirmed.